24-159-cv
Trireme Energy Holdings, Inc. v. Innogy Renewables US LLC

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of May, two thousand twenty-five.

PRESENT: RAYMOND J. LOHIER, JR.,
JOSEPH F. BIANCO,
  *Circuit Judges*,
JESSE M. FURMAN,
  *District Judge.*\*

------------------------------------------------------------------

TRIREME ENERGY HOLDINGS, INC., TRIREME ENERGY DEVELOPMENT, LLC,

  *Plaintiffs-Appellants*,

  v.             No. 24-159-cv

INNOGY RENEWABLES US LLC, INNOGY SE,

  *Defendants-Appellees*,

---

\* Judge Jesse M. Furman, of the United States District Court for the Southern District of New York, sitting by designation.

v.

CASSADAGA WIND LLC,

*Defendant*.

-----------------------------------------------------------------

| | |
|---|---|
| FOR APPELLANTS: | NATHANIEL E. MARMON (John F. Baughman, *on the brief*), Baughman Kroup Bosse PLLC, New York, NY |
| FOR APPELLEES: | SUSAN K. LEADER, Paul Hastings, LLP, Los Angeles, CA, ELI B. RICHLIN, Wilson Sonsini Goodrich & Rosati, New York, NY (Paul C. Gross, Sara N. Bricker, Paul Hastings, LLP, New York, NY, *on the brief*) |

Appeal from a judgment of the United States District Court for the Southern District of New York (Jennifer L. Rochon, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiffs Trireme Energy Holdings, Inc. and Trireme Energy Development, LLC (together, "Trireme") appeal from a December 14, 2023 judgment of the United States District Court for the Southern District of New

York (Rochon, *J.*) dismissing Trireme's claims against Defendants Innogy Renewables US LLC ("IRUS") and Innogy SE.  In 2017, Trireme and IRUS entered into a contract (the "Merger Agreement") under which IRUS purchased a portfolio of renewable energy projects in exchange for a $50 million upfront fee and potential additional payments conditioned on IRUS achieving certain milestones on various projects.  Trireme sued in connection with IRUS's failure to achieve a milestone for a wind farm called Cassadaga, the most valuable project in the portfolio.  Following a bench trial, the District Court entered judgment in IRUS's favor on Trireme's claims for breach of contract and breach of the implied covenant of good faith and fair dealing under New York law. Trireme appeals only from the judgment as to its implied covenant claim.  We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

"[A]fter a bench trial, we review the district court's finding of fact for clear error and its conclusions of law *de novo*.  Mixed questions of law and fact are also reviewed *de novo*."  *Citibank, N.A. v. Brigade Cap. Mgmt., LP*, 49 F.4th 42, 58 (2d Cir. 2022) (quotation marks omitted).

3

On appeal, Trireme argues that the District Court applied the wrong standard and failed to rely on relevant contemporaneous evidence when it rejected the claim that IRUS breached the implied covenant of good faith and fair dealing by arbitrarily and irrationally delaying completion of Cassadaga until 2021 and, thus, avoiding the $69.7 million "earn-out" fee it would have been required to pay had Cassadaga been completed by December 31, 2020. Trireme contends that, in concluding that IRUS did not act "irrationally and arbitrarily . . . to delay the [commercial operation date] for Cassadaga into 2021," the District Court improperly analyzed IRUS's conduct in "hindsight" and without reference to the company's decision-making process at the moment the projected schedule change occurred. Appellants' Br. 30. We are not persuaded. The District Court specifically addressed this issue and, based on the trial evidence, found that around the time of the decision, "IRUS weighed a range of acceleration options often used on other construction projects but ultimately concluded that, due to COVID-19 and subsequent supply-chain issues, those options were not available here." *Trireme Energy Holdings, Inc. v. Innogy Renewables US LLC*, 706 F. Supp. 3d 409, 435 (S.D.N.Y. 2023). That factual finding, which was adequately supported by the evidence adduced at trial, *see,*

4

*e.g.*, App'x 2138–39, 2143–44, 2837–38, is not clearly erroneous. "The fact that there may have been evidence to support an inference contrary to that drawn by the trial court," as Trireme claims, "does not mean that the findings made are clearly erroneous." *Diesel Props S.r.l. v. Greystone Bus. Credit II LLC*, 631 F.3d 42, 52 (2d Cir. 2011).

We have considered Trireme's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court